```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON DIVISION
```

**JAMES E. COPLEY,**

       **Plaintiff,**

v.                                                    Case No. 2:10-cv-01371

**MR. RICHARD FAIRBANK, CEO,**
**CAPITAL ONE AUTO FINANCE CORP. and**
**CAPITAL ONE CORP.,**

       **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

The undersigned has reviewed the defendants' motion to dismiss [ECF No. 11]. After careful consideration and for good cause shown, the undersigned recommends that the same be granted.

*I. BACKGROUND*[1]

Plaintiff James Copley apparently entered into a contract with Moses Ford on June 21, 2001, for the purchase of a 1997 Toyota Camry. On June 22, 2001, this contract was assigned to defendant Capital One Auto Finance, Inc. ("COAF"). After apparently being dissatisfied with negative credit reports and communications from collection agencies, on February 7, 2010, the plaintiff, proceeding pro se, filed an action against defendants Fairbank and COAF in the Magistrate Court of Kanawha County, West Virginia, Civil Action

---

[1] These facts are taken from the defendants' memorandum of law (ECF No. 12). The plaintiff's complaint does not contain a short and plain statement of the facts.

Number 10-C-445.

According to the plaintiff's instant complaint, the defendants sued him in 2007 for the amount of $1398.17, believing him to be a different James Copley. The plaintiff purports that this amount of $1398.17 is still appearing on his credit reports, and was the impetus behind his Magistrate Court suit. The Magistrate Court complaint alleged that "Defendant has filed numerous false credit reports about Plaintiff and has refused to remove from credit reports much collateral damaged (sic) caused." (ECF No. 2, ex. 1 at 7). A settlement was offered to the plaintiff by letter dated March 5, 2010. Id. at 8. While the plaintiff apparently believed that this offer concluded the litigation, the case remains on the Magistrate Court's active docket.

The plaintiff filed the instant civil action on December 10, 2010, citing to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., as a basis for federal jurisdiction. In his complaint, the plaintiff, inter alia, alleges that the parties had agreed to settle his earlier lawsuit, and that "the Defendant" violated the agreement by "sending negative credit information to bill collectors, i.e. Portfolio Recovery Associates . . . for further collection action . . . ." (ECF No. 1 at p. 2).

The plaintiff contends that, as a result of the alleged conduct, he has suffered actual damages in the form of a reduction in his credit score, denials of extensions of credit for a mortgage

and car loans, less favorable terms on his credit cards, higher rates for insurance, and anxiety. He also seeks damages for "several thousands of dollars in appearance fees and expenses" because he "actually declined an invitation to appear on the 'Judge Judy Show'" because he believed the matter was resolved. (Id. at p. 3-4).

The defendants filed the instant motion to dismiss on February 28, 2011. By order dated March 2, 2011, (ECF No. 16), the plaintiff was notified that he had until March 17, 2011, to respond to the defendant's motion. He has failed to do so.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must assume "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). When considering a motion to dismiss, a court "accept[s] as true all well-plead allegations and view[s] the complaint in the light most favorable to the plaintiff." Sec. of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); see also Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991).

"[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its

experience and common sense." Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S. Ct. 1937, 1950 (2009). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face." Robinson v. Am. Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)) (internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted); see also Iqbal, --- U.S. ---, ---, 129 S. Ct. at 1949 (stating that "the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

*III. Argument*

The defendants make several arguments as to why the plaintiff's complaint is insufficient.

First, the defendants argue that the plaintiff has failed to meet the pleading standards of Fed. R. Civ. P. 8 and 9 in several different ways. They claim that the plaintiff has failed to make a single allegation against Richard Fairbank, who is only mentioned

4

in the caption of the complaint.  The defendants also argue that the plaintiff

> fails to adequately state an entitlement to relief as to each Defendant . . . . First, the Complaint does not allege any basis — let alone one that would survive analysis under Twombly — on which any defendants could be liable for acts undertaken by another. Second, the Complaint fails to state a claim against any of the defendants because it fails to attribute any specific conduct to any of them. Each defendant is entitled to know what it is alleged to have done, and, if it is alleged to bear liability for the acts of another defendant, the factual predicate for such liability.

(ECF No. 12 at 5). The defendants also argue that the plaintiff alleges fraud in his complaint, and that the complaint fails to plead fraud with the specificity required by Fed. R. Civ. P. 9(b).

The defendants additionally argue that the plaintiff has failed to state a claim under the FCRA, which imposes a duty on providers of credit information to give accurate information to consumer reporting agencies regarding consumer credit, 15 U.S.C. § 1681s-2(a), and to investigate, correct, and update information that is inaccurate upon notice from a consumer reporting agency of a consumer dispute, 15 U.S.C. § 1681s-2(b).

The defendants allege that the plaintiff has failed to state a claim under the FCRA, inasmuch as he has no cause of action under Section 1681s-2(a), and, contrary to the requirements of Section 1681s-2(b), he "does not allege that he notified a credit reporting agency of a dispute regarding the accuracy of information reported to it, nor does he assert that any of the Defendants were notified

5

by a consumer reporting agency of a dispute such that they could have violated their duties under this section of FCRA." (ECF No. 12 at 6-7).

## IV. DISCUSSION

The plaintiff has failed to meet the pleading requirements of Rule 8. Even when reviewing his complaint in the light most favorable to him, the plaintiff has not provided enough facts to state a claim to relief that is plausible on its face as to defendant Fairbank. In fact, Mr. Fairbank is not mentioned.

The plaintiff neither alleges any basis for which the defendants could be liable for acts undertaken by another nor does he allege conduct specific to any of the defendants.[2]

Section 1681s-2(a) can only be enforced by certain Federal and State agencies and officials. Saunders v. Branch Banking & Trust, Co., 526 F.3d 142, 149 (4th Cir. 2008). However, a private cause of action exists under Section 1681s-2(b), id., which "imposes certain duties on a creditor who has been notified by a credit reporting agency that a consumer has disputed information furnished by that creditor." Johnson v. MBNA America Bank, NA, 357 F.3d 426, 429 (4th Cir. 2004). Upon notification, the creditor must

> (A) conduct an investigation with respect to the disputed information;

---

[2] The undersigned disagrees with the defendants' Rule 9(b) fraud argument; it does not appear that the plaintiff is alleging fraud. Rather, he is alleging a violation of the FCRA.

>    (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
>    (C) report the results of the investigation to the consumer reporting agency;
>
>    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
>    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>
>       (i) modify that item of information;
>
>       (ii) delete that item of information; or
>
>       (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b). The plaintiff does not allege that he advised a credit reporting agency of a dispute with his report, and also does not allege that the defendants were notified by a credit reporting agency of such a dispute. In short, the plaintiff's complaint sets forth his negative opinion of banks rather than a coherent legal argument.

The undersigned accordingly proposes that the presiding Chief District Judge **FIND** that the plaintiff has failed to state a claim for which relief can be granted.

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED**

7

that the defendants' Motion to Dismiss (ECF No. 11) be granted.

The parties are notified that this "Proposed Findings and Recommendation" is hereby FILED, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to mail a copy of this Order to the plaintiff and to transmit it to counsel of record.

ENTER: March 31, 2011

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

8