IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES E. COPLEY,

          Plaintiff,

v.                                CIVIL ACTION NO. 2:10-cv-01371

MR. RICHARD FAIRBANK, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Pending before the court is the defendants' Motion to Dismiss [Docket 11]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and a Standing Order, this civil case, including the above motion, was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. On March 31, 2011, the Magistrate Judge submitted proposed findings and recommended that the defendants' Motion to Dismiss be granted. On April 18, 2011, the plaintiff filed timely objections to the proposed findings and recommendations ("PF&R") [Docket 19].[1]

---

[1] The plaintiff styles his April 18, 2011 filing [Docket 19] as an "Amended Complaint" and "Motion in Opposition to Dismiss." Because this filing essentially responds to the PF&R, and does not appear to contain an actual amended complaint, the court will construe this filing as the plaintiff's timely filed objections to the PF&R. The plaintiff additionally filed a "Response to Defendant's Memo to the Court" on May 17, 2011 [Docket 21] and "Additional Comments to the Court" [Docket 22] on May 25, 2011. The court will construe these filings as additional, untimely objections to the PF&R, but has taken them into consideration for purposes of this Order.

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects and **FINDS** that the objections lack merit. Accordingly, the court **ADOPTS** and incorporates herein the Magistrate Judge's Proposed Findings and Recommendation. The defendants' motion to dismiss [Docket 11] is **GRANTED** and the court **DISMISSES without prejudice** the plaintiff's Complaint.

## II. Background

The factual background for this case was adequately set forth in the PF&R.[2] For the sake of context, the court will incorporate pages 1 through 3 of the PF&R**:**

Plaintiff James Copley apparently entered into a contract with Moses Ford on June 21, 2001, for the purchase of a 1997 Toyota Camry. On June 22, 2001, this contract was assigned to defendant Capital One Auto Finance, Inc. ("COAF"). After apparently being dissatisfied with negative credit reports and communications from collection agencies, on February 7, 2010, the plaintiff, proceeding *pro se*, filed an action against defendants Fairbank and COAF in the Magistrate Court of Kanawha County, West Virginia, Civil Action Number 10-C-445.

According to the plaintiff's instant complaint, the defendants sued him in 2007 for the amount of $1398.17, believing him to be a different James Copley. The plaintiff purports that this amount of $1398.17 is still appearing on his credit reports, and was the impetus behind his Magistrate Court suit.[3] The Magistrate Court complaint alleged that "Defendant has filed numerous false credit reports about Plaintiff and has refused to remove from credit reports much collateral

---

[2] As the plaintiff's complaint does not contain a short and plain statement of the facts, the facts in the PF & R are taken from the defendants' memorandum of law [Docket 12].

[3] The plaintiff notes in his objections that the Magistrate Judge "confuses two different legal actions brought to the Kanawha Magistrate Court involving the Defendants." (Objections [Docket 19] at 7.) For purposes of adopting the PF&R, however, the relationship between the two Magistrate Court cases is irrelevant.

damaged (sic) caused." (ECF No. 2, ex. 1 at 7). A settlement was offered to the plaintiff by letter dated March 5, 2010. *Id.* at 8. While the plaintiff apparently believed that this offer concluded the litigation, the case remains on the Magistrate Court's active docket.

The plaintiff filed the instant civil action on December 10, 2010, citing to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, as a basis for federal jurisdiction. In his complaint, the plaintiff, *inter alia*, alleges that the parties had agreed to settle his earlier lawsuit, and that "the Defendant" violated the agreement by "sending negative credit information to bill collectors, i.e. Portfolio Recovery Associates . . . for further collection action . . . ." (ECF No. 1 at p. 2).

The plaintiff contends that, as a result of the alleged conduct, he has suffered actual damages in the form of a reduction in his credit score, denials of extensions of credit for a mortgage and car loans, less favorable terms on his credit cards, higher rates for insurance, and anxiety. He also seeks damages for "several thousands of dollars in appearance fees and expenses" because he "actually declined an invitation to appear on the 'Judge Judy Show'" because he believed the matter was resolved. (*Id.* at p. 3-4).

The defendants filed the instant motion to dismiss on February 28, 2011. By order dated March 2, 2011, (ECF No. 16), the plaintiff was notified that he had until March 17, 2011, to respond to the defendants' motion. He has failed to do so.

**III. Discussion**

Section 1681s-2(b) of the Fair Credit Reporting Act imposes duties on a creditor to investigate, correct and update inaccurate information when that creditor "has been notified by a *credit reporting agency* that a consumer has disputed information furnished by the creditor."

*Johnson v. MBNA America Bank, NA*, 357 F.3d 426, 429 (4th Cir. 2004) (emphasis added).[4] The Magistrate Judge found that the plaintiff "does not allege that he advised a credit reporting agency of a dispute with his report, and also does not allege that the defendants were notified by a credit reporting agency of such a dispute[,]" and, therefore, failed to state a claim upon which relief can be granted. (PF&R [Docket 18] at 7.)

According to the plaintiff, his Complaint stated at least two instances in which he satisfied the notification requirement. First, the plaintiff argues that "the Defendant was directly notified that all the Plaintiff's credit liabilities were inaccurate, illegal, and fraudulent" when the plaintiff tried to mediate this dispute with Capital One out of court. (Objections [Docket 19] at 6.) Second, the plaintiff argues that Capital One was properly notified when the plaintiff called Portfolio Recovery Associates, LLC "to check the status of the illegal Capital One Auto Finance credit report." (*Id.* at 5-6.) As noted above, however, a creditor's duties under § 1681s-2(b) are triggered by receipt of notice from a credit reporting agency of a credit dispute. "Whether the [creditor] received notice from any other source, such as [a] Plaintiff, for example, is irrelevant for the purposes of satisfying the FCRA's notice requirement." *Rambarran v. Bank of America, NA*, 609 F. Supp. 2d 1253, 1259 (S.D. Fla. 2009); *see Peasley v. Verizon Wireless (VAW) LLC,* 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005) ("Courts have consistently held that for the duty imposed by § 1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer."); *Stafford v. Cross Country Bank,* 262 F. Supp. 2d 776, 784 (W.D. Ky.

---

[4] Pursuant to 15 U.S.C. § 1681s-2(b), a creditor's duty to investigate a dispute is triggered "[a]fter receiving notice pursuant to § 1681i(a)(2)." Section 1681i(a)(2) requires that within five business days of receiving "notice of a dispute from any consumer or a reseller..., the [consumer reporting] agency shall provide notification of the dispute to any person who provided any item of information in dispute."

2003) ("[A] furnisher of credit information, such as the Bank, has no responsibility to investigate a credit dispute until *after* it receives notice from a consumer reporting agency. Under the statutory language, notification from a consumer is not enough."). Accordingly, the mere fact that an individual or a debt collector notified the defendants of a credit dispute, as the plaintiff asserts here, does not trigger the duties imposed on creditors under § 1681s-2(b).

The plaintiff argues that he has notified Capitol One and several debt collectors of his dispute. It appears he even may have expressed his credit file concerns to CSC Credit Services, a consumer reporting agency and Equifax System affiliate, on July 6, 2010. (Additional Comments [Docket 22] at 19.) If he did initiate an investigation with CSC, however, there is no evidence in the record that CSC or Equifax actually researched the inquiry, ever sent the plaintiff the results, or ever contacted Capital One regarding the dispute. In *Rambarran,* the District Court found, for purposes of summary judgment, sufficient evidence in the record to infer that Bank of America, the creditor, had received notice of a dispute from a credit reporting agency because, *inter alia*, the plaintiff submitted evidence from the consumer reporting agency, Equifax, that a reinvestigation into the plaintiff's credit file had been conducted and that Equifax had confirmed with Bank of America that the reported information was correct. *Rambarran*, 609 F. Supp. 2d at 1259-60. Here, the plaintiff has not asserted any claims or presented any equivalent documentation that would allow the court to infer that Capital One received notice of the dispute from a *credit reporting agency* in accordance with § 1681i(a)(2). If an individual notified a credit reporting agency, such as Equifax, Experian, or Trans Union, of a dispute and the credit reporting agency failed to satisfy its obligations pursuant to § 1681i(a), the individual may have a cause of action against the credit reporting agency under the FCRA. *See Thomas v. Trans Union LLC*, 197 F. Supp. 2d 1233, 1236 (D. Oregon 2002).

In this case, however, because the plaintiff has failed to plead any facts supporting a contention that the defendants were notified by a credit reporting agency of a dispute with his report, the court **FINDS** the plaintiff's objection lacks merit.

The plaintiff also objects to the Magistrate Judge's finding that he "has not provided enough facts to state a claim to relief that is plausible on its face as to defendant Fairbank." (PF&R 6.) In his objections, the plaintiff states that "[p]ursuant to FRCP 9(a) & (b)., [sic] Mr. Fairbank is being sued in his capacity as CEO of Capitol One Bank and all subsidiaries [sic] Mr. Richard D. Fairbank is the founder and CEO of Capital One Financial Corp. and is ultimately responsible for all the subsidiaries decisions of Capital One." (Objections [Docket 19] at 7.) Despite his objection, the plaintiff still fails to allege any conduct specific to Mr. Fairbank, and he has not alleged any legal precedent under which Mr. Fairbank could be liable for the damages alleged in the Complaint. Accordingly, the court **FINDS** this objection is meritless.

The plaintiff's final objection is that "[t]he above case already has a precedence [sic] set by this Court . . . which was settled in favor of this Plaintiff. If the Court steers this case in another direction, then that decision should be disqualified . . . since the magistrate had previously admitted that her son had applied to the Defendant's attorney's law firm for employment." (Resp. Def.'s Mem. Court [Docket 21] at 1.) On March 3, 2011, the Magistrate Judge notified the parties that her son, who is over the age of 21 and does not reside in the same household as the Magistrate Judge, had applied for an associate position in the Winston-Salem, North Carolina, office of Spilman, Thomas & Battle, PLLC, the defendants' attorneys' law firm. The Magistrate Judge directed the parties to "consult 28 U.S.C. § 455 to determine whether a party wishes to take any action with respect to this matter." (Notice and Order [Docket 16] at 1.) Upon receiving said notice, neither

party took any action. On March 31, 2011, the Magistrate Judge notified the parties that her son had accepted employment elsewhere. Accordingly, the court **FINDS** that the Magistrate Judge did fairly and properly consider all of the plaintiff's arguments and that her impartiality cannot be reasonably questioned. Furthermore, the court has made a *de novo* determination of those portions of the report to which the plaintiff objected and found no error. Therefore, the court **FINDS** this objection is also meritless.

## IV. Conclusion

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects and **FINDS** that the objections lack merit. Accordingly, the court **ADOPTS** and incorporates herein the Magistrate Judge's Proposed Findings and Recommendation. The defendants' motion to dismiss [Docket 11] is **GRANTED** and the court **DISMISSES without prejudice** the plaintiff's Complaint.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 13, 2011

Joseph R. Goodwin, Chief Judge